IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW U. D. STRAW**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 1420 |
| | ) | |
| **JOHN F. KLOECKER**, and | ) | |
| **LOCKE LORD LLP**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Andrew Straw, himself a lawyer though not now engaged in the practice as the result of disabilities that have limited his principal income to Social Security Disability Income benefits, has just launched an attack against attorney John Kloecker ("Kloecker") and his law firm Locke Lord LLP ("Locke Lord") under the claimed auspices of civil RICO. Straw's litigation package comprises (apart from a few procedural documents in connection with the litigation):

1. the Complaint in this action.

2. Complaint Ex. A, a state court defamation Complaint brought by Straw against the Streamwood Chamber of Commerce, Inc., its insurer State Farm Insurance, Inc. and Paddock Publications, Inc. ("Paddock," which is represented in that action by the defendants here).

3. Complaint Ex. B, a February 13, 2014 letter (the "Letter") from Kloecker to Straw that Complaint ¶ 1 characterizes as "threatening" and as to which Complaint ¶ 10 asserts:

    This case rests primarily on this letter, Exhibit B.

4. Complaint Ex. C, a transcript of a "live chat" with someone named "Morgan" (obviously not a lawyer from the content of the recorded conversation) whose "advice" -- based entirely on Straw's own oral characterization of the Letter -- Straw appears to rely on as though it were a legal opinion that supports his civil RICO claim.

5. Straw's In Forma Pauperis Application, completed on the form provided by this District Court's Clerk's Office, as to which Straw has since delivered to this Court a "Letter in Support of In Forma Pauperis Petition."

It might have been expected that a lawyer such as Straw would have looked into the requirements of civil RICO before shooting from the hip as he has done in his Complaint, filed as it was less than two weeks after he received the Letter. For example, some notion of the lack of thought and analysis that have gone into the Complaint can be gleaned from Straw's bizarre prayer for relief set out in Complaint ¶ 25:

> Plaintiff respectfully requests triple the damages per 18 U.S.C. §1964(c) of the underlying ad damnum from the Cook County Circuit Court civil case in <u>Straw v. Streamwood Chamber</u>, 2013L063066. The damage from defendant's actions with such a threat was meant to influence negatively the outcome of that case as part of defendants' representation of the newspaper publisher, and therefore the damages should be triple the amount demanded in that case. The damages against Paddock Publications in the state civil case is $5 million. Damages here requested is $15 million.

More to the point from a substantive point of view, although Complaint ¶ 1 refers to "racketeering activity" on the part of the defendants coupled with generic references to 18 U.S.C.

§ 1962(a-d)[1] in Complaint ¶¶ 3 and 4, it is painfully obvious from those blunderbuss citations that he has not bothered to read through what each of those separate subsections require. Thus:

1. Section 1962(a) makes it unlawful for a person who has received any income from a pattern of racketeering activity (or through collection of an unlawful debt) to invest such income or proceeds of such income to acquire an interest in, or to establish or operate, any enterprise (more of this later) that has a tie to interstate commerce. That provision is obviously not implicated here by Straw's claims.

2. Section 1962(b) makes it unlawful for a person to employ a pattern of racketeering activity (or to act through collection of an unlawful debt) to acquire or maintain any interest in or control of any enterprise of the type referred to in the preceding paragraph. Again that provision clearly has no relevance here.

3. To jump to Section 1962(d), that makes it unlawful for any person to conspire to violate any of the provisions of the other subsections. Apart from the difficulties involved in linking a lawyer and his firm under the laws of conspiracy, that provision could come into play only if Section 1962(c) is implicated by this action.

4. As to Section 1962(c), it reads:

   It shall be unlawful for any person employed by or associated with
   any enterprise engaged in, or the activities of which affect,

---

[1] Further references to RICO provisions will simply take the form "Section --," omitting the prefatory 18 U.S.C.

interstate or foreign commerce, to conduct or participate, directly
or indirectly, in the conduct of such enterprise's affairs through a
pattern of racketeering activity or collection of unlawful debt.

That last provision, then, is the only springboard from which Straw can seek to leap into the realm of civil RICO. In that regard, it has long been established that the "person" who allegedly violates Section 1962(c) must be distinct from the "enterprise" referred to there (that was definitively established nearly three decades ago in <u>Haroco v. Am. Nat'l Bank & Trust Co.</u>, 473 U.S. 606 (1985)).[2] That means among other things that Kloecker but <u>not</u> Locke Lord may be the target of a civil RICO claim.

All of that being said, however, what is fatal to Straw's civil RICO claim is his mischaracterization of the Letter as "racketeering activity." To the contrary, to any objective reader (one who does not believe that his or her own ox is being gored) the Letter represents a legitimate inquiry in connection with Straw's lawsuit against Paddock, for which defendants were acting as counsel. Indeed, although the Letter enclosed Medicare forms that could be used

---

[2] This Court's reference to <u>Haroco</u> stimulates a sense for this Court of what legal philosopher Yogi Berra famously refers to as "deja vu all over again." <u>Haroco</u> emanated from our Court of Appeals (747 F. 2d 384 (7th Cir. 1984)), and that court's decision confirming the necessary separation between "person" and "enterprise" under Section 1962(c) relied on pioneering opinions from the Fourth Circuit and from this Court that had reached that decision (see <u>id</u>. at 400):

> Similarly, Judge Shadur concluded in *Parnes v. Heinold Commodities, Inc.*, 548 F.Supp. 20, 23-24 (N.D. Ill. 1982), that section 1962(c) contemplates a separate "person" and "enterprise" because the enterprise may very well be the victim of the racketeering activity.
>
> We are persuaded by the Fourth Circuit in *Computer Sciences* and by Judge Shadur in *Parnes* that section 1962(c) requires separate entities as the liable person and the enterprise which has its affairs conducted through a pattern of racketeering activity.

to confirm Straw's Medicare status (a relevant consideration if his state court claim were to prove successful), the Letter itself stated:

> Alternatively, you may choose another format to provide the information to us.

In sum, Straw's effort to bootstrap the Letter into a criminal violation through which he hopes to mulct $15 million from Kloecker and Locke Lord must be characterized as legally frivolous in the sense employed in Lee v. Clinton, 209 F. 3d 1025 (7th Cir. 2000). And the analysis there supports the denial of in forma pauperis treatment and the dismissal of this action by this District Court (see id. at 1027). This Court so orders.

                                                   Milton I. Shadur
                                                   Senior United States District Judge

Dated: March 5, 2014