IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14 C 1420 |
| **JOHN F. KLOECKER**, and **LOCKE LORD LLP**, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pro se plaintiff Andrew Straw ("Straw") has filed a motion for reconsideration of this Court's March 5 Memorandum Opinion and Order ("Opinion") that dismissed this ill-conceived civil RICO action. Straw, whose In Forma Pauperis Application ("Application") accompanied his Complaint, had supported the Application with a letter that explained that he was a lawyer admitted in Virginia and Indiana as well as in this District Court, but that he is unable to engage in the active practice of law at this time because of unspecified disabilities.

Regrettably Straw's current Request To Reconsider reflects a continuing misunderstanding of civil RICO in spite of this Court's effort in the Opinion to provide a patient explanation of fatal deficiencies in his current action. Thus, for example, he attempts to wiggle out from under the Opinion's explanation of the "person-enterprise" concepts that control any attempted invocation of civil RICO's Section 1962(c) (18 U.S.C. § 1962(c)) by asserting for the first time that Paddock Publications (the client represented by Locke Lord LLP in Cook County Circuit Court litigation brought by Straw) is purportedly also a RICO "enterprise" -- a brand-new assertion not even suggested in Straw's Complaint. To make a bad pun, that notion is really grasping at a nonexistent straw, for that effort to recharacterize the activities of a lawyer

representing a client in the manner reflected by Complaint Ex. B (or any other aspect of the Complaint) as "conduct[ing] or participat[ing], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity" (the language of Section 1962(c)) is something that can be done only through Straw's distorted legal lens. Alexander Pope had it right in his Essay on Criticism:

> All seems Infected that th' infected spy,
> As all looks yellow to the jaundic'd eye.

That is equally true of Straw's repeated "justification" for the damages he seeks here:

> Because the defamation case below was for $5,000,000, and there is no disputing that defendant represents the defendant below, and the purpose of defendant's representation (including the letter here at issue) was to defend that case, and the multiplier for RICO is statutory triple the damages, and the case below and its damages claim is the only logical place to look for the appropriate damages amount, **$15,000,000 is the proper amount**.

As Straw would have it, he can attach an arbitrarily outre figure to his damage claim against Paddock Publications and others in his defamation lawsuit, then springboard from that to a threefold claim in this action. That act of self-levitation is all of a piece with Straw's misconception as to the operation (more accurately, the nonoperation) of civil RICO in this case.

In sum, this Court sees no reason to reconsider the conclusion that it reached in its original Opinion. Straw's request to reconsider is denied.

_____
Milton I. Shadur
Senior United States District Judge

Dated: March 26, 2014