IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW U. D. STRAW**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 1420 |
| | ) | |
| **JOHN F. KLOECKER**, and | ) | |
| **LOCKE LORD LLP**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Some 2-1/2 years ago this Court issued its March 5, 2014 memorandum opinion and order ("Opinion") that dismissed a pro se action that Andrew Straw ("Straw")[1] had brought against attorney John Kloecker ("Kloecker") and his law firm, Locke Lord LLP ("Locke Lord"), under the claimed auspices of civil RICO. Following this Court's detailed exposition and analysis of the many deficiencies in Straw's Complaint, the final paragraph of the Opinion summarized that analysis by stating:

> In sum, Straw's effort to bootstrap the Letter into a criminal violation through which he hopes to mulct $15 million from Kloecker and Locke Lord must be characterized as legally frivolous in the sense employed in <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000).

Nothing daunted, Straw then filed a motion for reconsideration of the Opinion that prompted the swift issuance of a March 26, 2014 memorandum order that reconfirmed the conclusion announced in the Opinion and denied reconsideration.

---

[1] As the Opinion stated at the outset, Straw was then "a lawyer though not now engaged in the practice as a result of disabilities that have limited his principal income to Social Security Disability Income benefits."

Now Straw has resurfaced with a self-prepared Motion To Strike that seeks to have the word "frivolous" stricken from the Opinion. And he does so despite the fact that our Court of Appeals, to which he turned for relief after losing at the District Court level, issued an unpublished August 19, 2014 order that, after having set out its analysis of Straw's claim against Kloecker and Locke Lord, concluded:

> We agree with the district court that Straw's lawsuit under RICO is frivolous, as is this appeal. Accordingly, we AFFIRM the judgment and order Straw to SHOW CAUSE within 30 days why he should not be sanctioned under Fed. R. App. P. 38 for taking this appeal. We also DENY Straw's motion to disqualify Miller, Shakman & Beem LLP as attorneys for the appellees in this case.

Some added idea of the manner in which Straw's mind seems to work is provided by this paragraph in his current motion that treats glancingly with the Court of Appeals' express agreement as to the frivolous nature of his federal lawsuit:

> The Seventh Circuit called my case frivolous, but chose not to sanction me because Locke Lord LLP and John Kloecker hired and used the former law firm of Judge Shadur for its appeal work on this case: Miller, Shakman & Beem.

This Court does not, of course, know whether Straw's cause-and-effect assertion in that paragraph is accurate, though it would seem unlikely given the nature of the Court of Appeals' language quoted in the preceding paragraph. But in all events it should be made plain (1) that more than three decades have elapsed since this Court left the practice of law with its former law firm to become a federal judge, (2) that Kloecker and Locke Lord were <u>not</u> represented by that firm when Straw's case was before <u>this</u> Court and (3) that this Court had not the slightest inkling that Kloecker and Locke Lord would choose to retain that firm, a substantial part of whose practice involves representing other lawyers and law firms in litigation matters, to handle their appellees' case on appeal.

In short, Straw's current motion is entirely unjustified. If his litigation tactics are now, as he asserts, under consideration by the Indiana Supreme Court Attorney Disciplinary Commission, that must be viewed as a self-inflicted wound. Straw's Motion To Strike is denied.

_____
Milton I. Shadur
Senior United States District Judge

Dated: September 8, 2016