# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **ANDREW U. D. STRAW**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 1420 |
| | ) |
| **JOHN F. KLOECKER**, and | ) |
| **LOCKE LORD LLP**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Last week (on July 27) Andrew U. D. Straw ("Straw") filed a self-prepared "Verified Motion to Reconsider Order Denying Motion To Strike," (the "Motion," Dkt. No. 30) that asked this Court "to Strike its contention that [this] case was frivolous." But that request is without merit, for this Court has gone back to look (1) at the context in which it indeed labeled as "frivolous" Straw's totally ill-conceived and bizarre effort to invoke civil RICO to collect from his targeted defendants -- attorney John Kloecker ("Kloecker") and the latter's law firm Locke Lord LLP -- $15 million in damages and (2) at our Court of Appeals' opinion affirming this Court.

To begin, here are three relevant excerpts from this Court's March 5, 2014 memorandum opinion and order (Dkt. No. 8), the first two from pages 2 and 3 of that opinion and the last from its final paragraph:

> It might have been expected that a lawyer such as Straw would have looked into the requirements of civil RICO before shooting from the hip as he has done in his Complaint, filed as it was less than two weeks after he received the Letter.[1] For

---

[1] [Footnote by this Court] "Letter" refers to a February 13, 2014 letter transmitted by attorney Kloecker to Straw dealing with the latter's lawsuit against a client of Kloecker's.

example, some notion of the lack of thought and analysis that have gone into the Complaint can be gleaned from Straw's bizarre prayer for relief set out in Complaint ¶ 25.

* * *

More to the point from a substantive point of view, although Complaint ¶ 1 refers to "racketeering activity" on the part of the defendants coupled with generic references to 18 U.S.C. § 1962(a-d) in Complaint ¶¶ 3 and 4, it is painfully obvious from those blunderbuss citations that he has not bothered to read through what each of those separate subsections require.

* * *

In sum, Straw's effort to bootstrap the Letter into a criminal violation through which he hopes to mulct $15 million from Kloecker and Locke Lord must be characterized as legally frivolous in the sense employed in Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). And the analysis there supports the denial of in forma pauperis treatment and the dismissal of this action by this District Court (see id. at 1027). This Court so orders.

Then, after this Court issued a March 26, 2014 memorandum order (Dkt. No. 11) rejecting Straw's motion for reconsideration of that opinion, Straw took an appeal from the dismissal -- and our Court of Appeals gave Straw short shrift in a three-page order, a "nonprecedential disposition." After recapping the background of Straw's action against attorney Kloecker and his law firm, the Court of Appeals' order stated in part:

> The district court concluded that Straw's racketeering claim is frivolous and that the letter he received from Locke Lord was "a legitimate inquiry" concerning the state lawsuit. Opining that Straw misconceives how civil RICO works and is attempting to "bootstrap" the firm's letter into a criminal violation, the court dismissed the federal suit and denied Straw's motion to reconsider.

And here is the conclusion of the Court of Appeals' order:

> We agree with the district court that Straw's lawsuit under RICO is frivolous, as is this appeal. Accordingly, we AFFIRM the judgment and order Straw to SHOW CAUSE within 30 days why he should not be sanctioned under Fed. R. App. P. 38 for taking this appeal. We also DENY Straw's motion to disqualify Miller, Shakman & Beem LLP as attorneys for the appellees in this case.

- 2 -

In short, Straw's current Motion is indeed plainly lacking in merit. It is denied.

_____
Milton I. Shadur
Senior United States District Judge

Dated: August 4, 2017